UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ECP COMMERCIAL IV LLC,**<br><br>    Plaintiff,<br><br>v.<br><br>**LH DEVELOPMENT LLC, et al.**<br><br>    Defendants. | CASE NO. 1:14-CV-2449<br><br>EMERGENCY MOTION TO STAY MARCH 2, 2015 JUDGMENT AND DECREE IN MORTGAGE FORECLOSURE UNDER CIV.R. 62(b), MOTION TO SET ASIDE DEFAULT JUDGMENT UNDER CIV.R. 55(c), MOTION FOR RELIEF FROM MARCH 2, 2015 JUDGMENT AND DECREE IN MORTGAGE FORECLOSURE UNDER CIV.R. 60(b), AND MOTION TO AMEND ANSWER UNDER CIV.R. 15(a)(2) |

Defendant Village Capital Corporation ("Village Capital") respectfully moves this as follows:

1. Under Fed.R.Civ.P. 62(b), for a stay of the Court's March 2, 2015 Judgment and Decree in Foreclosure pending disposition of Village Capital's Motion for Relief from Judgment or Order filed hereunder;

2. Under Fed.R.Civ.P. 55(c), for an Order setting aside the Court's March 2, 2015 Judgment and Decree in Mortgage Foreclosure;

3. Under Fed.R.Civ.P. 60(b), for relief from the Court's March 2, 2015 Judgment and Decree in Mortgage Foreclosure; and

4. Under Fed.R.Civ.P. 15(a)(2), for leave to amend its answer to assert as an affirmative defense that, under Ohio Rev. Code § 1705.58, Plaintiff is prohibited from maintaining this lawsuit because it has not registered in this state in accordance with §§ 1705.53 to 1705.58 of the Ohio Revised Code.  (A copy of Village Capital's proposed Amended Answer is attached hereto as Exhibit 1.)

*Absent an emergency stay of the Court's March 2, 2015 Judgment and Decree in Foreclosure, the receiver has advised that the sale of the subject property will be conducted tomorrow, April 8, 2015.*  Moreover, while the Court's March 2, 2015 Judgment and Decree in Mortgage Foreclosure indicates that sale is to be conducted pursuant to 28 U.S.C. § 2001, the Judgment is at odds with that section.  Specifically, 28 U.S.C. § 2001(b) requires a specific process for confirmation of sale of realty, but the March 2, 2015 Judgment and Decree in Mortgage Foreclosure does not require the receiver appointed in this action to obey that process.

The grounds for this Motion are more fully explained in the attached Memorandum in Support, which is incorporated herein.

Respectfully submitted,

/s/ Paul M. Greenberger
Jordan Berns (0047404)
Paul M. Greenberger (0030736)
Majeed G. Makhlouf (0073853)
Berns, Ockner & Greenberger, LLC
3733 Park East Drive, Suite 200
Beachwood, OH 44122
Tel: (216) 831-8838
Fax: (216) 464-44849
jberns@bernsockner.com
pgreenberger@bernsockner.com
mmakhlouf@bernsockner.com

and

James L. DeFeo (0079222)
Seth H. Corthell (0092573)
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114
Tel: (216) 566-5500
Fax: Tel: (216) 566-5800
Jim.DeFeo@ThompsonHine.com
Seth.Corthell@ThompsonHine.com

*Attorneys for Defendant,*
*Village Capital Corporation*

**MEMORANDUM IN SUPPORT**

Plaintiff ECP Commercial IV LLC alleges in its Complaint that it is a Delaware limited liability company with its principal place of business in Englewood, Colorado.  (Complaint, ¶ 1.)  Nowhere does Plaintiff allege in its Complaint, however, that it is licensed by the Ohio Secretary of State and entitled to bring an action in Ohio.  Village Capital learned today, based on a review of information available on the Ohio Secretary of State's website, that Plaintiff is not licensed by the State of Ohio to conduct business in Ohio.  Accordingly, under Ohio Rev. Code §1705.58(A), Plaintiff may not maintain this lawsuit and therefore it should be dismissed.  *Alpha Waste Sys., LLC v. Res. Reclamation Toledo, LLC*, 2014 U.S. Dist. LEXIS 61833, *3 (N.D. Ohio May 5, 2014).

Notwithstanding that Plaintiff lacks authority to maintain this action, Plaintiff sought and obtained an order appointing a receiver, filed a Motion for Default Judgment, and sought and obtained in connection with that motion, authority for the receiver to sell the subject realty without requiring that the process for confirmation of such sale mandated under 28 U.S.C. § 2001(b) is followed.

In light of the foregoing, Village Capital seeks to set aside the Court's March 2, 2015 Judgment and Decree in Foreclosure so that it may be granted leave to amend its Answer to assert as an affirmative defense that Plaintiff is not licensed by the Ohio Secretary of State and therefore is not entitled to bring an action in Ohio, and so that a sale that does not comport with the requirements of 28 U.S.C. § 2001(b) does not proceed.  Village Capital also seeks an emergency stay of the Court's March 2, 2015 Judgment and Decree in Foreclosure because, absent such a stay, the receiver has advised Village Capital that the realty that is the subject of

this action will be sold pursuant to such Judgment tomorrow, April 8, 2015, and that sale will not comport with the requirements of 28 U.S.C. § 2001(b).

## LAW AND ARGUMENT

Under Fed.R.Civ.P. 55(c), "[t]he court may set aside an entry of default judgment for good cause, and it may set aside a default judgment under Rule 60(b)."  Under Fed.R.Civ.P. 60(b), "the court may relieve a party … from a final judgment, order or proceeding [on grounds of] (1) mistake, inadvertence, surprise, or excusable neglect."  Here, Village Capital did not learn until today that Plaintiff is not licensed by the State of Ohio to conduct business in Ohio.  As a consequence, Plaintiff cannot maintain this lawsuit.  Nonetheless, Plaintiff has, pursuant to this lawsuit, obtained the appointment of a receiver and obtained authority for that receiver to sell the realty that is the subject of this lawsuit, which sale is now scheduled for tomorrow, April 8, 2015.  Moreover, that sale would not comport with the requirements of 28 U.S.C. § 2001(b).  That section states:

> Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation.

Compliance with the requirements of 28 U.S.C. § 2001(b) is mandatory.  *Huntington Nat'l Bank v. JS & P, L.L.C.*, 2014 U.S.Dist. LEXIS 123112, *3 (E.D. Mich. Sept. 4, 2014).  Notwithstanding this statutory requirement for confirmation of the private sale of realty, the March 2, 2015 Judgment and Decree in Foreclosure does not require any confirmation of the sale, much less confirmation that comports with the requirements of 28 U.S.C. § 2001(b).

5

Rather, it permits that the purchaser at the sale of the subject property "be awarded a writ of possession."

To prevent Plaintiff from improperly using this Court's authority without the right to do so, and to prevent the sale of the subject realty from proceeding in violation of the requirements of 28 U.S.C. § 2001(b), Village Capital seeks to set aside the Court's March 2, 2015 Judgment and Decree in Foreclosure, and seeks leave to amend its Answer to assert as an affirmative defense that Plaintiff is not licensed by the Ohio Secretary of State and therefore is not entitled to bring an action in Ohio.  *Alpha Waste Sys., LLC v. Res. Reclamation Toledo, LLC*, 2014 U.S. Dist. LEXIS 61833, *3 (N.D. Ohio May 5, 2014) (dismissing an action that was brought by a foreign limited liability company that was not licensed to conduct business in Ohio).  Additionally, to prevent the subject property from being sold *tomorrow* pursuant to the Court's March 2, 2015 Judgment and Decree in Foreclosure, Village Capital seeks an emergency stay of that Judgment pending disposition of this Motion.  Such as stay is permitted pursuant to Fed.R.Civ.P. 62(b) and is appropriate here given that, absent such stay, the subject property will be sold in violation of 28 U.S.C. § 2001(b) and Village Capital's interest in that property will be extinguished.

## **CONCLUSION**

For all of the foregoing reasons, Village Capital's Emergency Motion to Stay March 2, 2015 Judgment and Decree in Mortgage Foreclosure Under Civ.R. 62(b), Motion to Set Aside Default Judgment under Civ.R. 55(c), Motion for Relief from March 2, 2015 Judgment and Decree in Mortgage Foreclosure under Civ.R. 60(b), and Motion to Amend Answer Under Civ.R. 15(a)(2) should be granted.

Respectfully submitted,

/s/ Paul M. Greenberger
Jordan Berns (0047404)
Paul M. Greenberger (0030736)
Majeed G. Makhlouf (0073853)
Berns, Ockner & Greenberger, LLC
3733 Park East Drive, Suite 200
Beachwood, OH 44122
Tel: (216) 831-8838
Fax: (216) 464-44849
jberns@bernsockner.com
pgreenberger@bernsockner.com
mmakhlouf@bernsockner.com

and

James L. DeFeo (0079222)
Seth H. Corthell (0092573)
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114
Tel: (216) 566-5500
Fax: Tel: (216) 566-5800
Jim.DeFeo@ThompsonHine.com
Seth.Corthell@ThompsonHine.com

*Attorneys for Defendant,*
*Village Capital Corporation*

7

**CERTIFICATE OF SERVICE**

A copy of the foregoing was filed electronically with the Court on this 7th day of April, 2015.  Service will be made by the Court's electronic notification system, and all parties may access this filing through the Court's system.  A copy of the foregoing was also served via regular U.S. mail upon the following:

> Cuyahoga County Treasurer
> 1219 Ontario Street
> Cleveland, OH 44113
>
> LH Development LLC
> c/o FCE Statutory Agent, Inc.
> 50 Public Square, Suite 1360
> Cleveland, OH 44113

/s/ Paul M. Greenberger
Paul M. Greenberger