UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------

                     :

ECP COMMERCIAL IV LLC,        :

                     :          CASE NO. 1:14-CV-02449

            Plaintiff,         :

                     :

v.                          :          OPINION AND ORDER

                     :          [Resolving Doc. 63]

LH DEVELOPMENT LLC, ET AL.,    :

                     :

           Defendants.      :

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

**I. Background**

       In this foreclosure case, Plaintiff ECP Commercial IV LLC ("ECP") seeks foreclosure on a mortgage it holds for the Lee-Harvard Shopping Center.  ECP obtained appointment of a receiver, and, on March 2, 2015, obtained a default judgment against the property owner, Defendant LH Development LLC ("LH Development") and obtained an order of foreclosure.[1]  The foreclosure sale was scheduled to go forward on April 8, 2015, at 10:30 AM.

       On April 7, 2015, at about 6:00 PM, Defendant Village Capital Corp. ("Village Capital"), which had been listed as a Defendant because it also holds a mortgage on the property, filed an emergency motion to stay the foreclosure judgment and to set aside the default judgment.[2]  Village Capital raised two arguments.  First, it said that the foreclosure decree allowed a sale that did not conform to the requirements of 28 U.S.C. § 2001(b).  Second, it said that Plaintiff ECP lacked

---

[1] Doc. 47.
[2] Doc. 63.

Case No.  1:14-CV-02449
Gwin, J.

capacity to sue because ECP was a foreign limited liability company not registered in Ohio.[3/]  Village Capital also sought leave to amend its answer to include the lack of capacity as an affirmative defense.[4/]

The next morning, April 8, 2015, before the foreclosure sale occurred, the Court issued an order staying the sale, granting Village Capital leave to file an amended answer, and directing Plaintiff ECP to respond within fourteen days.[5/]  The foreclosure sale did not proceed.

Plaintiff ECP has now filed its response to Defendant Village Capital's motion.[6/]  Plaintiff ECP requests that the stay of the foreclosure decree be dissolved and that the judgment not be set aside.  For the following reasons, the Court **DENIES** Defendant Village Capital's motion to set aside the judgment and **DISSOLVES** the stay of the foreclosure decree.

## II. Analysis

### A. 28 U.S.C. § 2001(b)

As to Village Capital's argument regarding 28 U.S.C. § 2001(b), Plaintiff ECP is correct that, by its terms, this provision applies only to private foreclosure sales.[7/]  Because the property in question will be sold at a public foreclosure sale,[8/] the requirements in § 2001(b) do not apply.

### B. Lack of Capacity

Under Federal Rule of Civil Procedure 17(b), the capacity of an unincorporated association

---

[3/]*See* Ohio Rev. Code § 1705.58.
[4/]Doc. 63.
[5/]Doc. 64.
[6/]Doc. 65.
[7/]28 U.S.C. § 2001(b)
[8/]*See* Doc. 65-1.

-2-

Case No.  1:14-CV-02449
Gwin, J.

like ECP to bring a diversity suit in federal court is determined by the law of the forum state.[9]  Ohio law says that "[a] foreign limited liability company transacting business in this state may not maintain any action or proceeding in any court of this state until it has registered in this state."[10] Defendant Village Capital says that because Plaintiff ECP was unregistered when it filed its complaint, ECP lacked capacity to sue.  Defendant Village Capital says that means the judgment should be set aside.  Plaintiff ECP raises a number of responses to this argument, all of which have at least some force.

To begin, Plaintiff ECP challenges Defendant Village Capital's standing to object to the default judgment given against a separate defendant, LH Development.  Defendant Village Capital's motion says that if the sale proceeds, "Village Capital's interest in [the] property will be extinguished."[11]  The Court has serious questions about whether this alleged interest is sufficient to challenge a default judgment against a different defendant.  For whatever reason, Defendant LH Development did not answer.  Village Capital seems to have no right to stand in LH Development's shoes to challenge a default judgment taken against LH Development.  But in light of the Court's conclusion that Defendant Village Capital's motion will fail for other reasons, the Court need not resolve this issue.

First, although Plaintiff ECP was not registered when it filed its complaint, it obtained registration on April 8, 2015. Ohio law is unsettled as to whether a lack of capacity can be cured by subsequent registration.  The Ohio Supreme Court has not decided the issue, and the leading Ohio

---

[9] Fed. R. Civ. P. 17(b)(3).

[10] Ohio Rev. Code § 1705.58(A).

[11] Doc. 63 at 6.

Case No. 1:14-CV-02449
Gwin, J.

Court of Appeals case, *P.K. Springfield, Inc. v. Hogan*, suggests that although subsequent registration does not "cure" the defect, no remedy is necessary as long as the registration is obtained before a dispositive motion raising the lack of capacity is filed.[12]

Federal courts are also split on the issue.[13] The Court finds persuasive the analysis and conclusion of Judge Marbley that the Ohio Supreme Court, if confronted with the issue, would not follow the Ohio Court of Appeals's decision and would instead hold that subsequent registration cures any capacity defect that may have existed.[14] Since Plaintiff ECP has now registered, the Court concludes that it has effectively cured any capacity defect that may have existed.[15]

Furthermore, even if the Court were to follow the Ohio Court of Appeals's reasoning in *P.K. Springfield*, that case held that no judicial remedy for a lack of capacity was necessary where registration was obtained prior to the filing of a motion seeking dismissal or summary judgment on capacity grounds. Here, no such motion has been filed, and Plaintiff ECP has now registered, so even under the reasoning of *P.K. Springfield*, no remedy for any capacity defect would be required.[16]

Second, Defendant Village Capital's motion to set aside the default judgment also fails

---

[12] *P.K. Springfield, Inc. v. Hogan*, 86 Ohio App. 3d 764 (Ohio Ct. App. 1993).

[13] *Compare* *Sta-Rite Indus., LLC v. Preferred Pump & Equip.*, No. 5:08-cv-1072, 2008 WL 3874676 (N.D. Ohio Aug. 14, 2008) (dismissing a suit for lack of capacity where the plaintiff registered after the complaint was filed), *with* *Capital City Energy Grp. v. Kelley Drye & Warren LLP*, No. 2:11-cv-207, 2011 WL 5175617 (S.D. Ohio Oct. 31, 2011) (holding that subsequent registration cures a capacity defect).

[14] *Capital City Energy Grp.*, 2011 WL 5175617.

[15] The Court further notes that it is far from clear that Plaintiff ECP was required to register to bring suit. Plaintiff ECP has pointed to a number of state and federal cases indicating that Ohio courts do not interpret lawsuits to collect debts as "transacting business" within the meaning of the statute, thus permitting them to be brought without registration. *See, e.g.*, *Hrivnak v. NCO Portfolio Mgmt.*, 994 F. Supp. 2d 889, 900-901 (N.D. Ohio 2014). The Court observes, however, that none of the cases cited by Plaintiff ECP for this proposition involved real property or the appointment of a receiver. Because the Court finds that Plaintiff ECP wins on its other arguments, the Court need not resolve this one.

[16] Although Defendant Village Capital's emergency stay motion mentions dismissal in passing, it is best understood as seeking the relief it specifically and repeatedly requests–entry of a stay, setting aside of the default judgment, and leave to file an amended answer. *See* Doc. 63.

-4-

Case No.  1:14-CV-02449
Gwin, J.

because Village Capital cannot meet the requirements of Rule 60(b).  In particular, Defendant Village Capital has not explained how its failure to raise the lack of capacity at any point prior to the night before the scheduled foreclosure sale was the product of excusable neglect or any other basis for relief under Rule 60(b).  Defendant Village Capital failed to raise any objection in its initial answer, in response to Plaintiff ECP's application for a default, in response to the Court's entry of default, in response to Plaintiff ECP's application for a default judgment, or in the twenty-eight day period after entry of a judgment for seeking relief under Rule 59.

Defendant Village Capital noted in its motion that it did not discover the alleged capacity defect until April 7, 2015, the day before the scheduled sale.  But Village Capital provides no explanation for this delay.  It appears that the only information Village Capital bases its capacity argument on has been available on a public website at all times relevant to this action.  Accordingly, Defendant Village Capital has failed to establish its entitlement to relief under Rule 60(b).

**III. Conclusion**

For the above reasons, the Court **DENIES** Defendant Village Capital's motion to set aside the judgment and **DISSOLVES** the stay of the foreclosure decree.

**IT IS SO ORDERED.**

Dated: April 20, 2015                     *s          James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE